UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 16-10013-WRS
                                                   Chapter 7
SPECALLOY CORPORATION,

    Debtor

WILLIAM C. CARN III, TRUSTEE,

    Plaintiff                              Adv. Pro. No. 17-1009-WRS

  v.

AUDIENTIS LLC,

    Defendant

## MEMORANDUM DECISION

This case is before the Court on Defendant's Motion to Alter or Amend Judgment. (Doc. 32). The Court conducted a hearing on this matter on April 23, 2018, and took the matter under advisement. Defendant was present by counsel Russell N. Parrish and Plaintiff was present by counsel Regan Loper. Defendant, Audientis, LLC, requests this Court to vacate its judgment (Docs. 30, 31) in a preference action on the grounds that Defendant's Rule 59(e) motion and attached affidavit provide the necessary specificity regarding a subsequent new value defense to defeat a motion for summary judgment. (Doc. 32). The Plaintiff filed a response opposing the motion (Doc. 35) and the Court heard argument from both parties at the April 23rd hearing. The issue now before the Court is whether judgment entered in favor of Plaintiff pursuant to Fed. R. Civ. P. 56 should be vacated upon consideration of the new affidavit and list submitted in conjunction with Defendant's Fed. R. Civ. P. 59(e) Motion. For the reasons set forth below, Audientis' motion is DENIED.

# I. FACTS

Trustee William C. Carn, III, filed an adversary proceeding on behalf of SpecAlloy Corp. ("SpecAlloy" or "Debtor") alleging that within 90 days prior to the date of the petition, SpecAlloy made two cash payments to Audientis, LLC, ("Audientis" or "Defendant")—(1) $14,000 on November 30, 2015; and (2) $571.60 on October 7, 2015. (Doc. 1, para. 7 and Doc. 5, para. 7). Chapter 7 Trustee Carn ("Carn" or "Plaintiff") alleges, and Audientis does not dispute, that the payments were (1) made by the Debtor to Audientis, (2) on account of an antecedent debt owed by SpecAlloy, (3) while SpecAlloy was insolvent, (4) within 90 days of the date of the petition, and (5) the payments enabled Audientis to receive more than it would have received if the case were a case under Chapter 7, the transfer had not been made, and it had received payment to the extent provided by the Bankruptcy Code. Thus, it is undisputed that the elements of 11 U.S.C. § 547(b) are satisfied. In response to Plaintiff's preference action, Audientis raised the "subsequent new value" defense arguing that it is insulated from preferential attack under 11 U.S.C. § 547(c)(4). (Doc. 26, p. 3).

On November 27, 2017, Plaintiff filed a Motion for Summary Judgment pursuant to Rule 7056, Fed. R. Bankr. P., seeking to have both transfers avoided. (Doc. 21). Defendant's response argues that, when the evidence is viewed in the light most favorable to the nonmoving party, Plaintiff is not entitled to a judgment as a matter of law because there is a genuine dispute as to a material fact—whether Defendant provided subsequent new value to SpecAlloy. As previously stated in this Court's March 8th Memorandum Decision, "[t]here is no evidence that any specific services beneficial to the Debtor were provided after the payments at issue were made." (Doc. 30,

-2-

p. 4). After considering the evidentiary submission made by Audientis, assuming all facts stated were true, and drawing all reasonable inferences in favor of Audientis, this Court found that Audientis failed to carry its burden of showing that there is a genuine issue as to any fact material to its defense; thus, the Court granted Plaintiff's motion for summary judgment.

Pursuant to Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59, Audientis filed a Motion to Alter or Amend Judgment on March 22, 2018, requesting this Court reconsider its decision on Plaintiff's Motion for Summary Judgment. (Doc. 32). In support of its request, Audientis submitted a new affidavit of Bill Pergolini, Audientis' president and sole member, and a list of services performed for SpecAlloy between November 30, 2015, and the date of filing the petition in bankruptcy. The affidavit is dated March 22, 2018, two weeks after this Court's ruling. The list is substantially comprised of activities limited to sending emails, making phone calls, and reviewing documents on behalf of SpecAlloy. (Doc. 32, ex. A). The purpose of the calls, emails, and document review is not stated. Pergolini claims that the services are valued at a minimum of $14,000 but provided no basis supporting this valuation. (Doc. 32, ex. A). Audientis' Rule 59(e) motion requests this Court consider this new list and affidavit, which it claims supports a contention that there are facts in dispute regarding Audientis' subsequent new value defense, in ruling on Plaintiff's motion for summary judgment. No claim is made by Audientis that this information was not available or reasonably discoverable prior to this Court's entry of judgment.

## II. LAW

### A. Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F). This is a final order.

### B. Standard of Review

Audientis' motion to alter or amend a judgment is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9023. To prevail on its motion, Audientis must prove one of the following:

    (1) An intervening change in law,

    (2) Consideration of newly discovered evidence, or

    (3) The need to correct clear error or prevent manifest injustice.

*In re Danley*, 540 B.R. 468, 474 (Bankr. M.D. Ala. 2015); *In re Muhammad*, 536 B.R. 469, 477 (Bankr. M.D. Ala. 2015); *Eglin Fed. Credit Union v. Horlacher (In re Horlacher)*, 389 B.R. 257, 261 (Bankr. N.D. Fla. 2008); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (referring to a motion under Rule 59(e)).

Audientis has made no showing of an intervening change in law or the need to correct clear error or prevent manifest injustice; thus, Audientis cannot prevail unless the affidavit and

list of services submitted with its Rule 59(e) motion are "newly discovered evidence." A party cannot use a Rule 59(e) motion to "relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." *Emery v. Am. Airlines, Inc.*, 647 F. App'x 968, 972 (11th Cir. 2016) (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)). The purpose behind Rule 59(e) is not to give a party the opportunity to rehash evidence, legal theories, or arguments capable of being offered or raised prior to the entry of judgment. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, granting a Rule 59(e) motion to reconsider a judgment after its entry is an extraordinary remedy that must be used sparingly. *Templet*, 367 F.3d at 478–79.

In this case, Audientis' Rule 59(e) motion was accompanied by: (1) the affidavit of William Pergolini, sole member of Audientis, and (2) a list of services allegedly provided by Audientis to SpecAlloy prior to bankruptcy, which is attached to Pergolini's affidavit. (Doc. 32, ex. A). Neither the affidavit nor the list of services was entered into the record prior to Audientis' Rule 59(e) motion. This information was also not provided to Plaintiff during discovery. (Doc. 35). The motion specifically requests this Court consider this "new" evidence and reverse its Order granting Plaintiff's Motion for Summary Judgment. (Doc. 32).

However, evidence new to the record is not necessarily newly discovered evidence within the meaning of Rule 59(e). To succeed on a Rule 59(e) motion based on newly discovered evidence, "'the movant must show either that the evidence is newly discovered or, if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence.'" *Wells v. Talton*, No. 5:13-CV-24 (CAR), 2016

-5-

Case 17-01009    Doc 40    Filed 05/18/18    Entered 05/18/18 12:20:26    Desc Main
Document    Page 5 of 7

WL 3093916, at *3 (M.D. Ga. June 1, 2016), aff'd sub nom. *Wells for Chambers v. Talton*, 695 F. App'x 439 (11th Cir. 2017) (quoting *Cherry v. Bowman*, 901 F.2d 1053, 1057 n.6 (11th Cir. 1990). Defendant does not explain why the affidavit or list could not have been introduced prior to entry of judgment or why it was not reasonably accessible prior to the entry of judgment. In fact, the information contained in Pergolini's affidavit and list presumably could have been obtained during Pergolini's deposition taken on November 6, 2017. It appears that the newly submitted information was readily available to Audientis at all times prior to the entry of judgment, but Audientis failed to diligently seek out and compile such information in a timely manner. When asked at the April 23, 2018 hearing about the lack of specificity regarding the services provided to SpecAlloy, counsel for Audientis stated that, after the Court granted summary judgment, he requested Pergolini search his records and review his emails, correspondence, and calender to come up with a list of services rendered to SpecAlloy so Audientis can show the Court specifically what it did on behalf of SpecAlloy. (Doc. 37). The time for providing this information to the Court was prior to the entry of judgment.

### III. CONCLUSION

The evidence submitted in conjunction with Defendant's Rule 59(e) Motion is not "newly discovered" and was reasonably discoverable by defendant prior to the entry of final judgment. Furthermore, there is no intervening change in law or need to correct a clear error to prevent a

manifest injustice which supports altering or amending this Court's judgment. Accordingly, Defendant's Motion to Alter or Amend Judgment will be denied by way of a separate order. (Doc. 32).

Done this 18th day of May, 2018.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Christopher Carson, Attorney for Plaintiff
Russell N. Parrish, Attorney for Defendant